67031. EASLER v. FULLER.

BIRDSONG, Judge.

Attorney Fees and Costs of Litigation. Elizabeth Easler, ex-wife, brought suit against David Fuller, ex-husband, seeking a change of custody or more liberal visitation rights. She filed this suit in Harris County in January 1983. On February 10, Fuller filed his answer and counterclaim. By his answer, he denied the general allegations of cruelty to minor children and unfitness. By counterclaim, he sought to terminate or delimit the ex-wife's visitation rights and to hold the wife in contempt of the original award of custody and visitation rights. He also moved, on the basis that the ex-wife Easler lived in Muscogee County and he worked in that county, that the hearing be held in Columbus, also a part of the Chattahoochee Circuit. Lastly in his counterclaim, he sought the award of attorney fees and costs of the action.

Ms. Easler dismissed her original complaint, a fact stated in one of the court's orders. The court issued a rule nisi setting a hearing on the counterclaim for February 24 in Muscogee County. At the request of Ms. Easler the hearing on the counterclaim was reset in Muscogee County until the hearing was finally held on March 24.

On March 24, the attorney for Ms. Easler declined to hold the hearing in Muscogee County, demanding instead that it be held in Harris County where the original complaint had been filed. The trial court concluded that in the absence of the consent of the parties to

the change of hearing site, it could exercise no jurisdiction over the cause in Muscogee County.

Thereafter on April 28, in Harris County, the hearing on the counterclaim was held. However, prior to that hearing, according to the order of the court, counterclaimant Fuller had voluntarily dismissed all the portions of the counterclaim seeking to restrict, limit or terminate Ms. Easler's visitation rights. Thus, all that remained for litigation was an allegation of contempt against Ms. Easler and the claim for attorney fees and costs of litigation. In accordance with the prayer contained in the counterclaim, the trial court granted attorney fees in the amount of $250 and cast costs upon Ms. Easler. There was no adjudication one way or another upon the question of contempt, the order of the court being wholly silent thereon. Ms. Easler brings this appeal complaining that the trial court sitting without a jury rendered final judgment on the counterclaim without rendering findings of fact or conclusions of law. *Held:*

This court finds itself in such a position that it cannot lucidly pass upon the appeal. We cannot ascertain if the court's award was based upon the provisions of OCGA § 13-6-11 (Code Ann. § 20-1404) or OCGA § 19-6-2 (Code Ann. § 30-202.1), if upon either. If based upon the former, there are no findings of fact that show the trial court found bad faith on the part of Ms. Easler or that the defendant in counterclaim was a stubbornly litigious or caused the plaintiff in counterclaim unnecessary trouble and expense. In the absence of such a finding and/or a finding of the reasonableness of the attorney fees, in the court order, we cannot pass upon the issue raised. See *Derrickson v. Kristal,* 148 Ga. App. 320, 321 (2) (251 SE2d 170).

On the other hand, if the award is based upon the provisions of OCGA § 19-6-2 (Code Ann. § 30-202.1), inasmuch as the only issue remaining before the court was the question of contempt and attorney fees, we must conclude that attorney fees as costs of litigation in a case involving only contempt arising out of child custody or visitation rights is not a recoverable item. *Smith v. Smith,* 244 Ga. 230, 231 (2) (259 SE2d 480).

Inasmuch as we cannot ascertain the intent of the trial court in its order, we remand the case to the trial court for action appropriate to clarify its intent and consistent with this opinion. If the award is based upon OCGA § 13-6-11 (Code Ann. § 20-1404), appropriate findings of fact and conclusions of law should be prepared, after which the losing party may pursue the appeal. If the award is based upon OCGA § 19-6-2 (Code Ann. § 30-202.1), the judgment is improper and is reversed.

*Appeal remanded for action consistent with this opinion.*

*Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 29, 1983.

*Ronald S. Iddins,* for appellant.
*Ronald M. Mack,* for appellee.