### A10A1561. MURRAY v. DeKALB FARMERS MARKET, INC.
(699 SE2d 842)

MILLER, Chief Judge.

Sandra Murray sued DeKalb Farmers Market, Inc. ("Farmers") to recover damages, inter alia, for breach of implied warranty of merchantability, following her purchase and attempted return of live lobster from Farmers. Murray appeals the trial court's order of dismissal, order denying her motion for default judgment, and order awarding sanctions to Farmers, contending that the trial court erred (i) in finding that Farmers' answer was legally sufficient and (ii) in awarding attorney fees to Farmers pursuant to OCGA § 9-15-14 (b). Finding that Farmers' answer was legally sufficient and that Murray did not oppose the trial court's attorney fee award of $940, we affirm in part. Concluding that the evidence did not authorize the attorney fee award of $250, we reverse in part.

We apply the plain legal error standard of review to questions of law, and we owe no deference to the trial court's ruling. *Phoenix Recovery Group v. Mehta*, 291 Ga. App. 874, 875 (663 SE2d 290) (2008).

The record shows that on June 6, 2008, a DeKalb County deputy marshal served Farmers with a copy of the summons and complaint by serving Jeff Maber, "in charge of the office and place of doing business." On July 2, 2008, an individual named Frank Velasquez Monoger filed an answer on behalf of Farmers, denying the allegations in the complaint. On July 30, 2008, Farmers filed an amended answer to the complaint, by and through an attorney, who entered an entry of appearance on its behalf. Thereafter, Farmers moved for sanctions for Murray's failure to respond to interrogatories and request for production of documents previously served upon Murray. The trial court granted Farmers' motion to the extent it awarded attorney fees in favor of Farmers and against Murray's counsel in the amount of $250. Murray subsequently filed a motion for default judgment, alleging that Farmers failed to file a timely and legally sufficient answer because the answer was not filed by an attorney. Farmers responded and acknowledged that its original answer was defective, but that its amended answer, which was filed by an attorney of record before the entry of any pre-trial order, "related

back" to the time the original answer was filed and was therefore legally sufficient. Farmers also requested an award of reasonable attorney fees for having to respond to a meritless motion. The trial court denied Murray's motion for default judgment as well as her request for a hearing on the motion; found that Murray's motion was controlled by adverse authority; and that attorney fees were authorized pursuant to OCGA § 9-15-14 (a) and (b). In its order, the trial court stated that "[i]f counsel cannot agree on the amount of [Farmers' attorney] fees and expenses, [Farmers'] counsel may present an affidavit as to them."

Thereafter, Farmers' counsel filed an affidavit as to his attorney fees of $940 along with a letter in which he previously requested payment of $800 from Murray, which was served upon Murray's counsel. In a letter sent to Farmers' counsel, Murray's counsel indicated that she would not consent to the amount of such fees, but she would review the affidavit and the trial court's order and respond at a later time. Murray's counsel, however, never filed a response challenging the cost or reasonableness of Farmers' attorney fees. Noting that the attorney fee affidavit was unopposed, the trial court awarded attorney fees to Farmers and against Murray's counsel in the amount of $940 pursuant to OCGA § 9-15-14 (a) and (b).

After Murray and her counsel failed to appear at trial, the trial court dismissed Murray's complaint without prejudice.

As an initial matter, we address Farmers' contention that Murray's appeal is not properly before us because she did not file a discretionary appeal from the trial court's order denying her motion for default judgment. Even though

> none of the errors enumerated pertain to the directly appealable [January 11, 2010 dismissal] from which the appeal . . . was taken, we have appellate jurisdiction pursuant to OCGA § 5-6-34 (d) to review other orders rendered in the case which may affect the proceedings and which are raised in the appeal.

(Citation, punctuation and footnote omitted.) *Roberts v. Windsor Credit Svcs.*, 301 Ga. App. 393, 395 (1) (687 SE2d 647) (2009). Since Murray was appealing the order of dismissal, order denying her motion for default judgment and orders respecting attorney fees, we have jurisdiction to consider Murray's appeal.

1. Murray argues that the trial court's denial of her motion for default judgment was erroneous because Farmers failed to file a timely and legally sufficient answer. We disagree.

Here, the purported answer filed on July 2, 2008 was defective because Farmers is a corporation which can only be represented in a

court of record by an attorney. *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 803-806 (2) (485 SE2d 22) (1997). Since Farmers filed an amended answer by and through an attorney of record before the entry of a pre-trial order, the amended answer "related back" to the filing of its answer, and was therefore timely and legally sufficient. OCGA § 9-11-15 (c) ("Whenever the claim . . . asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."); see also *Peachtree Plastics v. Verhine*, 242 Ga. App. 21 (528 SE2d 837) (2000) (amended answer filed by attorney of record on behalf of corporation before entry of pre-trial order "related back" to the time the answer was filed and was legally sufficient). To the extent that Murray argues for the first time on appeal that the amended answer failed to deny the averments of the complaint as required by OCGA § 9-11-8 (b), that contention is waived and will not be considered. See *McReynolds v. Prudential Ins. Co. of America*, 276 Ga. App. 747, 751 (1) (b) (624 SE2d 218) (2005).

2. Murray argues that the trial court erred in awarding attorney fees pursuant to OCGA § 9-15-14 (b) because there was no evidence of their cost or reasonableness. Murray specifically challenges two attorney fee awards in favor of Farmers: (1) the November 24, 2008 award of $250 and (2) the October 26, 2009 and December 18, 2009 orders awarding attorney fees of $940. We agree that the evidence was insufficient to support the trial court's November 24, 2008 attorney fee award.

We review a trial court's decision to award attorney fees pursuant to OCGA § 9-15-14 (b) for an abuse of discretion. *MARTA v. Doe*, 292 Ga. App. 532, 540 (5) (664 SE2d 893) (2008).

With respect to the trial court's November 24, 2008 order, the record is devoid of any evidence of the actual cost and reasonableness of Farmers' attorney fees. As such, we are constrained to reverse the trial court's attorney fee award of $250. See *Johnston v. Correale*, 285 Ga. App. 870, 871 (1) (648 SE2d 180) (2007) (in order to recover attorney fees, a prevailing party must prove actual cost and reasonableness of such fees). Compare *Greer v. Davis*, 244 Ga. App. 317, 320-321 (3) (534 SE2d 853) (2000) (where plaintiff's attorney testified regarding work he completed in the case and the amount charged and submitted a detailed accounting of each charge, evidence supported the trial court's award of attorney fees under OCGA § 9-15-14 (b)).

We find no abuse of discretion, however, as to the trial court's award of $940. Here, the trial court gave Murray ample opportunity to challenge both the cost and reasonableness of Farmers' attorney fees in its October 26, 2009 order: "If counsel cannot agree on the

amount of [Farmers' attorney] fees and expenses, [Farmers'] counsel may present an affidavit as to them." Although Murray's counsel indicated her intent to review opposing counsel's attorney fee affidavit, she did not challenge either the amount or the reasonableness of such fees. Nor did she object to the trial court's method of determining the amount of Farmers' attorney fees or otherwise request a hearing on the matter. As such, Murray acquiesced in the trial court's procedure and cannot complain of the same. See *In re Estate of Bell*, 274 Ga. App. 581, 584 (618 SE2d 194) (2005) (where party did not object to the probate court's consideration of the attorneys' statements rather than witnesses' testimony at hearing, she could not thereafter complain of the procedure to which she acquiesced). Accordingly, the trial court's attorney fee award of $940 was proper.

*Judgment affirmed in part and reversed in part. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 4, 2010.

*Valerie G. Adams, Grady A. Roberts III, Theresa S. Starkes*, for appellant.
*Alan C. Harvey*, for appellee.