**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 30, 2012**

# In the Court of Appeals of Georgia

A12A1262. LONGE v. FLEMING

BARNES, Presiding Judge.

Wayne Longe, pro se, appeals from the order of the trial court enforcing a settlement agreement and parenting plan between Longe and Linda Fleming, the mother of his minor child. Upon review, we affirm the order of the trial court in part, but, upon finding that the award of the superior court was silent as to the basis upon which attorney fees were awarded and upon inadequate findings, we vacate the award of attorney fees to Fleming and remand for further proceedings.

On August 13, 2009, Longe filed a petition for legitimation of the parties' then less-than-one -month-old infant, which was granted on August 23, 2010. After a hearing on the petition, the trial court awarded sole legal and physical custody to Fleming, and Longe waived visitation with the child. Fleming was also awarded

$400.00 in monthly child support. On September 16, 2010, Longe filed a petition for modification of custody and visitation in which he asserted that he had misunderstood the rights he waived in the final order and requested that he be awarded joint legal custody, visitation, and other relief.

On June 27, 2011, Longe and Fleming attended a mediation and apparently reached an agreement "resolving all issues of custody, visitation, attorney's fees and any and all other issues which can be settled at this time." The settlement agreement provided that all provisions of the August 2010 final order "are to remain in full force and effect." The parties also agreed to a parenting plan incorporating the mediated terms. Fleming was responsible for drafting the documents and forwarding them to Longe.

On July 25, 2011, Longe filed a motion to enforce the settlement agreement in which he alleged that he had not received the child's social security number or the drafted settlement agreement within the time period stipulated in the mediated agreement. After filing the motion, Longe received and signed the settlement agreement, a copy of which is contained in the record, reflecting that he signed the

agreement on August 22, 2011.[1] Longe later forwarded a signed copy of the parenting plan but had "whited out the section that related to the limitation on access to [the child's medical] records."[2] In Fleming's counterclaim, she requested that the parenting plan be enforced and made an order of the court. Following a hearing, the trial court entered an order approving and incorporating both the settlement agreement and the parenting plan into its final order on Longe's petition for modification of custody and visitation. It is from that order that Longe appeals.

1. Longe contends that the trial court erred in enforcing the settlement agreement as written because it did not address legal custody and in enforcing the parenting plan. After reviewing the appellate record and the parties' briefs, we find that the record supports the trial court's judgment. Accordingly, we affirm the trial court's order enforcing the settlement agreement and parenting plan.

---

[1] At the hearing on the motion, Fleming's attorney recalled that he initially emailed the settlement agreement and parenting plan to Longe's attorney on July 27, 2011 and again on August 2, 2011. When Longe emailed him directly, he advised him that he could not communicate with Longe directly. After talking with Longe's attorney about some visitation issues, he forwarded an amended copy of the documents to Longe on August 8, 2011.

[2] The section provided that because the mother had sole legal and physical custody of the child, Longe needed her permission to access any of the child's medical records.

2. Longe also challenges the trial court's award of attorney fees to Fleming, complaining that the fees were not statutorily justified, and that Fleming failed to present sufficient evidence to support the court's award.

"As a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract. When awarded by statute, such fees may be obtained only pursuant to the statute under which the action was brought and decided." (Citations omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). We will not disturb the trial court's decision awarding attorney fees "unless it can be clearly shown by the appellant that the trial court committed grievous error or a gross abuse of discretion." *Bowman v. Bowman*, 242 Ga. 259, 260 (248 SE2d 654) (1978).

Here, the trial court's order failed to cite to any specific statute authorizing the award of attorney fees, instead awarding Fleming attorney fees "as reimbursement of her attorney's fees incurred as a result of the actions necessary to enforce the agreement reached between the parties at mediation." Furthermore, in her amended answer to Longe's motion to enforce the settlement agreement, Fleming failed to cite a statutory basis for attorney fees, only requesting that they be awarded based on Longe's conduct, which demonstrated that he "negotiated in bad faith, has been

4

stubbornly litigious, and has caused [Fleming] unnecessary trouble and expense." At the hearing on the motion to enforce, Fleming's attorney testified that following the mediation, she incurred $1900 in attorney's fees trying to enforce the settlement agreement. She provided the following details:

> My hourly rate is $150 an hour. I've been practicing law for three years. We've been trying to get this agreement enforced since August. This is the third noticed hearing for this case. . . . I've spent or have incurred attorney's fees of $1,000 up to this point, in communications back and forth with [Longe's attorney], and six additional hours in court today, for an additional $900.

The trial court replied, "I will award all the attorney's fees against [Longe] because this should have been done and over with when it was signed." Longe's attorney attempted to respond, but the trial court interrupted him and said "[u]nless you just want to say goodbye, I have ruled."

Based on Fleming's pleadings, counsel's arguments and the trial court's ruling, it appears that the attorney fees were assessed pursuant to OCGA § 13-6-11 which provides that

> [t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been

5

stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

However, this statutory provision, which would govern expenses of litigation in a contract action, does not authorize an award of attorney fees in this case. *Francis-Rolle v. Harvey*, 309 Ga. App. 491, 493 (3) (710 SE2d 659) (2011).

Here, the trial court specifically held that the settlement agreement is "incorporated herein by reference and made part of this Final Order on [Longe's] Petition for Modification of Custody and Visitation." Thus, the rights of the parties were resolved under the final order rather than under the settlement agreement. See *Waits v. Waits*, 280 Ga. App. 734, 736 (634 SE2d 799) (2006) ("The parties' agreement was incorporated into the Amended Final Judgment and Decree, and therefore, the actions were required to be resolved under the amended decree and not the underlying agreement."); *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005) ("The rights of the parties after a divorce is granted are based not on the settlement agreement, but on the judgment itself. Thus, whatever claim [the parties] have is founded on the final decree, and not on the underlying agreement.")

Alternatively, OCGA § 9-15-14 (b) authorizes a court to award attorney fees if it finds that a party brought or defended an action, or any part thereof, that lacked substantial justification or was interposed for

6

delay or harassment, or if it finds that a party unnecessarily expanded the proceeding by other improper conduct. An order awarding attorney fees under OCGA § 9-15-14 must include findings of conduct that authorize the award.

(Punctuation omitted.) *Francis-Rolle v. Harvey*, 309 Ga. App. at 493 (3).

Thus, while the trial court was authorized to award attorney fees if it found that Longe's conduct warranted such sanctions under OCGA § 9-15-14 (b), its order awarding attorney fees under that statute must include findings of conduct that authorize the award. *Moon v. Moon*, 277 Ga. 375 (6) (589 SE2d 76) (2003).

Because the trial court failed to make findings sufficient to support such an award under that section, the issue of attorney fees must be remanded for an explanation of the statutory basis for the award and any findings necessary to support it. Id; *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006).

*Judgment affirmed in part, and vacated in part. Case remanded with direction. Adams, and McFadden, JJ., concur*.