**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 10, 2013**

# In the Court of Appeals of Georgia

A13A0718. REYNOLDS et al. v. CLARK.

A13A0719. CLARK v. REYNOLDS et al.

MCFADDEN, Judge.

This appeal and cross-appeal are from a trial court's award of attorney fees pursuant to OCGA § 9-15-14. But because the trial court's order fails to specify whether the award was made under subsection (a) or (b) of the statute and the specific conduct upon which the award was based, and because the evidence as to the actual costs and reasonableness of those costs was lacking, we vacate the order and remand the case for reconsideration.

The final judgment in the underlying case was affirmed by this court in an unpublished opinion, *Reynolds v. Clark*, ___ Ga. App. ___ (Case No. A12A0379, decided July 2, 2012), which set forth the following facts.

This litigation arose out of a dispute between H. J. Clark and Theron Reynolds ("Reynolds"), who had a business arrangement reselling equipment, vehicles, and scrap metal. Clark brought claims against Reynolds . . . for conversion, intentional interference with property rights, and replevin. He sought injunctive relief, damages, attorney fees, and punitive damages. Reynolds answered and counterclaimed, alleging breach of contracts for the purchase of land, conversion, and identity theft. Any & All Metal Recycling, LLC filed an unopposed motion to intervene and asserted claims against Clark for conversion, a partnership accounting, and unauthorized use of its sales tax number. The case was tried to a jury; the trial court directed a verdict as to Clark's claims for interference with property rights, conversion, attorney fees, punitive damages, and most of his claims for replevin. The jury returned a verdict in favor of Clark and against Reynolds and Any & All Metal Recycling on all remaining claims, but it declined to award attorney fees to any party, and judgment was entered by the trial court.

(Punctuation and footnote omitted.)

Clark appealed from the final judgment, and while that appeal was pending in this court, the trial court ruled on Clark's motion for OCGA § 9-15-14 attorney fees, granting it in part and denying it in part. Clark filed an application for discretionary review of that order, and we granted the application because a post-judgment award of attorney fees may be appealed directly without regard to the discretionary appeal procedures where there is a pending appeal taken from the underlying judgment. See *Rolleston v. Huie*, 198 Ga. App. 49, 51-52 (4) (400 SE2d 349) (1990). However, Clark's appeal on the attorney fees issue, as well as a cross-appeal by Reynolds and

2

Any & All Metal Recycling on that issue, were subsequently remanded to the trial court because, while the trial judge had signed the attorney fees order prior to his resignation from the bench, the order was not filed until after the resignation became effective and was therefore void. On remand, another judge ruled on Clark's motion and entered an order that was essentially a verbatim copy of the prior judge's order, awarding Clark $44,320 in attorney fees, "applicable jointly to Defendant Theron Reynolds and the Intervenor [Any & All Metal Recycling] only." The new judge also found in his order that defense counsel had not been omitted from the prior judge's order by oversight or scrivener error. Reynolds and Any & All Metal Recycling appeal, challenging the trial court's award of attorney fees under OCGA § 9-15-14; and Clark cross-appeals, arguing that defense counsel should have been included in the prior attorney fees award.

1. *OCGA § 9-15-14.*

Pursuant to OCGA § 9-15-14 (a), the trial court shall award attorney fees when a party asserted a claim, defense or other position with "such a complete absence of any justiciable issue of law or fact" that the party could not reasonably have believed that the court would accept it. We affirm an award under subsection (a) if there is any evidence to support it. *Bankhead v. Moss*, 210 Ga. App. 508, 509 (1) (436 SE2d 723)

(1993). Pursuant to OCGA § 9-15-14 (b), the court may award attorney fees if a party brought or defended an action that "lacked substantial justification" or "was interposed for delay or harassment, or if [the court] finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct." We review a subsection (b) fee award for abuse of discretion. *Bankhead*, supra.

> [W]hen a trial court exercises its discretion in assessing attorney fees and costs of litigation under OCGA § 9-15-14, it is incumbent upon the court to specify the conduct upon which the award is made. . . . [A] judgment devoid of such findings must be vacated and the case must be remanded for reconsideration. Furthermore, an order awarding attorney fees pursuant to this statute must specifically state whether the award is made under OCGA § 9-15-14 (a) or (b).

*Woods v. Hall*, 315 Ga. App. 93, 97 (2) (726 SE2d 596) (2012) (citation, punctuation and emphasis omitted).

In this case, although the trial court concluded that a fee award was proper under OCGA § 9-15-14, the court failed to state specifically whether the award was made under subsection (a) or (b). Moreover, the trial court's order, primarily a verbatim copy of the prior judge's untimely-filed order, refers to deficiencies in the defense evidence at trial, but it fails to specify the conduct upon which the award was based. At best, the trial court's "purported finding[s are] entirely too vague and conclusory to permit any meaningful appellate review of the award of attorney fees

4

and expenses of litigation under OCGA § 9-15-14." *Georgia Dept. of Transportation v. Douglas Asphalt Co.*, 295 Ga. App. 421, 424 (1) (671 SE2d 899) (2009) (citation and punctuation omitted).

Furthermore, "an award of attorney fees and costs under Georgia law can only be authorized if there is sufficient proof of the actual costs and the reasonableness of those costs." *Dave Lucas Co. v. Lewis*, 293 Ga. App. 288, 293 (5) (666 SE2d 576) (2008) (citation omitted). In this case, Clark's attorney stated that he did not file the lawsuit and "only came into this case about three weeks before it was tried." He filed an exhibit showing the hours he had spent on the case and other expenses totaling $48,424.88. However, it is apparent from the time sheet, and counsel in fact acknowledged, that he failed to separate the portion of his time spent preparing and presenting Clark's claims and the time spent defending against the claims of Reynold and Any & All Metal Recycling. Counsel further admitted that the time sheet included time spent on an unsuccessful motion for new trial. In fact, the exhibit merely summarized time spent on such things as "meet[ing] with client," conducting "legal research" and "trial prep." Such a "summary is particularly inadequate in view of [the directed verdicts as to a number of Clark's] claims at the trial." *Dave Lucas Co.*, supra. Evidence must be presented from which the trial court can determine what

5

portion of the total amount of attorney time and litigation expenses was attributable to the pursuit or defense of claims for which attorney fees are recoverable and what portion of the attorney's time was spent on matters that are not recoverable. Id. at 293-294 (5); *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 738-739 (1) (458 SE2d 711) (1995).

Based on the trial court's deficient order and the inadequate evidence of attorney fees incurred, the trial court's fee award must be vacated and the case remanded for further findings.

2. In light of our holding above in Division 1, "it is unnecessary to address the remaining issues in the appeal and the cross-appeal." *Citadel Corp.,* supra at 739 (2).

*Judgment vacated and case remanded with direction. Doyle, P. J., and Boggs, J., concur.*