**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 5, 2014**

# In the Court of Appeals of Georgia

A13A1830. BETHELMIE v. HERITAGE PLACE, LLC.

MCFADDEN, Judge.

Albert Bethelmie appeals from the trial court's order granting a default judgment to Heritage Place, LLC in a breach of contract action. As detailed below, he has not shown by the record his claim that the trial court erroneously denied him the opportunity to present evidence at a hearing on damages. Nevertheless, we vacate the order and remand the case for further proceedings because the trial court, in awarding Heritage Place costs of litigation, failed to identify the statutory authority for that award or set forth findings authorizing the award.

1. *Facts and procedural background.*

Bethelmie leased commercial property from Heritage Place, which subsequently sued him for breach of that lease. Heritage Place sought to recover,

among other things, outstanding lease payments and fees due under the lease and "costs of litigation and investigation of this matter, including reasonable and necessary attorneys' fees and expenses of litigation pursuant to OCGA § 13-6-11 and OCGA § 9-15-14."

Bethelmie did not answer or otherwise respond to the complaint, nor did he seek to open default within the time period specified under OCGA § 9-11-55 (a) (providing mechanism for opening default as matter of right), and Heritage Place moved for default judgment. In its motion, Heritage Place alleged that it was "entitled to recover its continuing damages associated with [Bethelmie's] breach of the Lease and [Heritage Place's] costs of litigation and investigation of this matter, including reasonable and necessary attorneys' fees and expenses of litigation, in an amount to be shown at trial," and it sought a hearing.

Bethelmie appeared at the hearing on the motion for default judgment. Subsequently, the trial court entered a default judgment in which it awarded Heritage Place "the principal amount of $23,700.00; plus costs and expenses of litigation, including court costs and attorneys' fees, incurred by [Heritage Place] in this action in the amount of $1,239.50, for a total judgment equal to $24, 939.50," along with post-judgment interest.

2

2. *Bethelmie's ability to present evidence at the hearing.*

Bethelmie asserts in his brief that the trial court did not allow him to present evidence on damages at the hearing, notwithstanding that under OCGA § 9-11-55 (a) he had a right to present such evidence. See *Erwin v. Gibson*, 205 Ga. App. 136, 137 (421 SE2d 752) (1992). But Bethelmie points to nothing in the appellate record that shows that the trial court did not allow him to present evidence. He elected not to include a transcript of the hearing in the appellate record, instead stating in his amended notice of appeal that "[a] transcript of evidence and proceedings will *not* be filed for inclusion in the record on appeal." (Emphasis supplied.) "It is the duty of the party asserting error to show it by the record. Assertions of evidence in briefs or enumerations of error cannot satisfy this duty." *Fine v. Fine*, 281 Ga. 850, 852 (2) 642 SE2d 698) (2007) (citations omitted). Accord *Thorsen v. Saber*, 288 Ga. 18, 19 (2) (701 SE2d 133) (2010). Bethelmie has not met his burden of showing by the record that the trial court erred in failing to allow him to present evidence at the hearing.

3. *Costs of litigation.*

Bethlemie argues that the trial court erred in awarding costs of litigation. We are unable to review this claim of error, however, because we cannot ascertain whether the trial court awarded the costs of litigation under OCGA § 13-6-11

3

(authorizing award of expenses of litigation to a plaintiff who has specially pleaded and shown in a contract action that the "defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense") or OCGA § 9-15-14 (authorizing trial court to award attorney fees to a party against whom another party has asserted a position lacking any justiciable issue of law or fact, or against a party who asserted a defense that lacked substantial justification or was interposed for delay or harassment or who unnecessarily expanded the proceeding by other improper conduct). In its complaint, Heritage Place sought costs of litigation under both Code sections, but the trial court did not identify the Code section under which she was making her award, and the appellate record offers no insight on this point. See *Easler v. Fuller*, 169 Ga. App. 110, 111 (311 SE2d 534) (1983) (where appellate court could not ascertain Code section under which trial court awarded costs of litigation, appellate court was unable to "lucidly pass upon the appeal" from that award).

Moreover, the trial court failed to include in her order findings that would support an award under either Code section. We have required such findings when a trial court awards costs of litigation under either OCGA § 13-6-11, see *Parland v. Millennium Constr. Svcs.*, 276 Ga. App. 590, 593 (2) (623 SE2d 670) (2005), or

4

OCGA § 9-15-14, see *Reynolds v. Clark*, 322 Ga. App. 788, 790 (1) (746 SE2d 266) (2013).

We must therefore vacate the order and remand the case to the trial court for clarification and further findings on the statutory and factual bases of the costs award. *Reynolds*, 322 Ga. App. at 791 (1); *Easler*, 169 Ga. App. at 111.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Boggs, J., concur*.