**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 1, 2015**

# In the Court of Appeals of Georgia

A15A0850. REGAN v. EDWARDS.                                    DO-040

DOYLE, Chief Judge.

Beverly Regan appeals from an order awarding attorney fees under OCGA § 9-15-14 (b) to her ex-husband, Donald Blair Edwards III. For the reasons that follow, we vacate in part the award of attorney fees.

We review a trial court's grant of attorney fees for an abuse of discretion.[1]

The record reveals that the parties' divorce settlement agreement was entered in September 2009, and the final order of divorce entered in February 2010.[2]

---

[1] See *Longe v. Fleming*, 318 Ga. App. 258, 261 (2) (733 SE2d 792) (2012); *Wallace v. Noble Village &c.*, 292 Ga. App. 307, 310 (664 SE2d 292) (2008).

[2] Regan filed a number of contempt actions after the final order of divorce was entered in order to enforce provisions of the incorporated settlement agreement, including payment of back taxes, payment of child support and medical expenses, and payment of attorney fees.

On July 17, 2012, Regan provided written notification to Edwards that she expected to move to Massachusetts with their two sons by September 8, 2012. In response to the notification, on July 25, 2012, Edwards filed a petition for modification of child custody, parenting time, and child support, and a citation for contempt. Edwards requested an emergency hearing on the matter, and a hearing was held on August 29, 2012. Regan answered and responded, asking for a change in custody based on long-distance visitation and alleging that the move was necessary because she required family support based on Edwards's continued failure to provide previously agreed-to financial support and payment on the couple's marital tax obligations. Thereafter, a temporary order was entered.

On March 15, 2013, the parties had a mediation, which resulted in a partial agreement. On April 2, 2013, a partial final agreement was filed, and Edwards filed an amended petition, asking the trial court to decrease his child support payments to Regan. Regan answered, arguing that the children's childcare costs had not materially changed since entry of the 2009 decree, and she had experienced a 25 percent decrease of income since that time. Additional mediation and negotiations ensued regarding substantial pre-divorce tax obligations, and although the parties purportedly agreed to a settlement of those issues, Regan refused to agree to formal entry with the

court of that purported agreement. Edwards successfully moved for enforcement of this settlement agreement, the details of which have no bearing on this appeal, and for attorney fees pursuant to various provision of OCGA § 9-15-14.

Regan contends that the trial court erred by awarding a portion of attorney fees to Edwards under OCGA § 9-15-14 (b) because the conduct precipitating the award occurred prior to initiation of the litigation.[3] We agree.

Pursuant to OCGA § 9-15-14 (b)

[t]he court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures . . . . As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

---

[3] We note that Edwards has failed to file an appellate brief.

This Court has explained that attorney fee awards pursuant to OCGA § 9-15-14 (b) may not be based on conduct that occurred prior to litigation.[4]

Although the trial court's order announced that $10,463 fees were awarded under OCGA § 9-15-14 (b) for "unnecessarily expand[ing] the proceedings," the conduct underlying this award was the trial court's finding that there was "no basis" for Regan's planned move to Massachusetts that precipitated Edwards's filing of the action for modification of child support and parenting time.[5] Regan's announced intention to move to Massachusetts occurred prior to the instigation of Edwards's petition; therefore, the trial court abused its discretion by granting Edwards's motion for fees under OCGA § 9-15-14 (b) for this conduct.[6] Regan's defense of Edwards's

---

[4] See *Stone v. King*, 196 Ga. App. 251, 253 (3) (396 SE2d 45) (1990) (comparing fee awards pursuant to OCGA § 13-6-11, which may be based on conduct arising prior to litigation); *Cobb County v. Sevani*, 196 Ga. App. 247, 248-249, (395 SE2d 572) (1990) (holding that "[t]he focus of [OCGA § 9-15-14 (b)] is clearly upon actions that are undertaken in connection with the underlying legal proceedings, and not upon the pre-litigation actions of one who only subsequently becomes a party to a legal proceeding.").

[5] The trial court separately awarded fees of $5,250 for two hearings that the court found unnecessary and based on Regan's conduct during the pendency of the action. Regan has not appealed this portion of the attorney fee award.

[6] See *Sevani*, 196 Ga. App. at 248-249. Compare with *Stone*, 196 Ga. App. at 253 (3).

petition for custody and child support modifications was legally supportable except for two instances of conduct for which the trial court awarded separate amounts of attorney fees the award of which Regan does not challenge on appeal.[7] Accordingly, the order and amended order are vacated in part as to the attorney fee award of $10,463 erroneously based on Regan's pre-litigation conduct.[8] The case is remanded for entry of an award consistent with this opinion.

*Judgment vacated in part and case remanded with direction. Phipps, P. J., and Boggs, J., concur.*

---

[7] See, e.g., *Kitchens v. Ezell*, 315 Ga. App. 444, 451-452 (2) (726 SE2d 461) (2012) (physical precedent only).

[8] Compare *Wallace*, 292 Ga. App. at 311 (reversing award under OCGA § 9-15-14 because evidence did not support award) with *Longe*, 318 Ga. App. at 261 (2) (reversing and remanding for further findings by the trial court "[b]ecause the trial court failed to make [any] findings sufficient to support such an award under" OCGA § 9-15-14 (b) or cite to a specific code section authorizing its attorney fee award). In this case, the trial court's specific finding of fact does not support the award under OCGA § 9-15-14, and therefore, we decline to remand for additional findings of fact.