**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 22, 2018**

# In the Court of Appeals of Georgia

A18A1399. ADAMS v. PINETREE TRAIL ENTERPRISES, LLC et al.

MERCIER, Judge.

Charles Adams filed a lawsuit against Danny Byrd, Joel Adams and Pinetree Trail Enterprises, LLC ("Pinetree") (collectively "appellees") regarding injuries he sustained as a result of a motor vehicle collision. After Charles Adams dismissed the lawsuit, Joel Adams and Pinetree filed a motion for attorney fees under OCGA § 9-15-14, as did Byrd. The trial court granted the motions. Thereafter, Charles Adams filed an application for a discretionary appeal of the fee award, which we granted. For the reasons set forth below, we find that the trial court erred, and we vacate the awards of attorney fees under OCGA § 9-15-14 and remand the case to the trial court for further findings.

At the time of the motor vehicle collision, Charles Adams worked for Pinetree as a "cutdown man." On August 4, 2015, Byrd, his co-worker, was driving a work vehicle back to the Pinetree "shop" after working outside of Brunswick, and Charles Adams was riding as a passenger. After they had been traveling for approximately 15-20 minutes, their vehicle struck another vehicle traveling in the opposite direction.

Charles Adams was injured as a result of the collision and subsequently filed the underlying lawsuit and a workers' compensation claim. The workers' compensation claim was resolved via a Stipulation and Agreement, approved by the State Board of Workers' Compensation on July 26, 2016, whereby Pinetree agreed to pay Charles Adams $120,000. In the Stipulation the parties stated that Charles Adams "was involved in a work-related motor vehicle accident[.]"

In the civil action, Joel Adams and Pinetree filed a motion for summary judgment on September 12, 2016, as did Byrd on October 10, 2016. On March 14, 2017, Charles Adams filed a voluntary dismissal of the lawsuit without prejudice. Following the dismissal, the appellees filed motions for attorney fees under OCGA § 9-15-14 (a) and (b). The appellees claim, inter alia, that because Charles Adams was in the course and scope of his employment at the time of the motor vehicle collision, workers' compensation benefits were the exclusive remedy for his injuries and as such

2

the lawsuit against his employer and co-worker was barred and filed for the purposes of harassment. The trial court granted both motions for attorney fees "pursuant to O.C.G.A.§ 9-15-14[.]"

1. Under OCGA § 9-15-14 (a), attorney fees may be awarded "when a party asserted a claim, defense or other position with such a complete absence of any justiciable issue of law or fact that the party could not reasonably have believed that the court would accept it. We affirm an award under subsection (a) if there is any evidence to support it." *Reynolds v. Clark*, 322 Ga. App. 788, 789 (1) (746 SE2d 266) (2013) (citation and punctuation omitted). Attorney fees may be awarded under OCGA § 9–15–14 (b), if the court finds that "a party brought or defended an action that lacked substantial justification or was interposed for delay or harassment, or if the court finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. We review a subsection (b) fee award for abuse of discretion." Id. at 790 (1) (citation and punctuation omitted).

In this case, while the trial court concluded that fee awards were proper under OCGA § 9-15-14, the court failed to state specifically whether the awards were made under subsection (a) or (b). Furthermore, the trial court's orders stated only that the "Plaintiff's claims were frivolous, lacked substantial justification, and were

3

unsupported by law and fact." "At best, the trial court's purported findings are entirely too vague and conclusory to permit any meaningful appellate review of the award of attorney fees and expenses of litigation under OCGA § 9-15-14." *Reynolds*, supra at 790 (1) (citation and punctuation omitted).

"If the court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made, and whether the award is made under subsection (a) or (b) or both. If the court fails to make these findings, the fees award must be vacated and the case remanded for reconsideration." *Amayo v. Amayo*, 301 Ga. 660, 660-661 (802 SE2d 245) (2017) (citations and punctuation omitted). Therefore, because the trial court failed to make the required findings of fact to support the awards of attorney fees to appellees under OCGA § 9-15-14, we vacate those awards and remand the case for reconsideration consistent with this opinion. See *Amayo* at 661; *Fulton County School Dist. v. Hersh*, 320 Ga. App. 808, 815 (2) (740 SE2d 760 (2013) (vacating award and remanding case as attorney fee award failed to specify the subsection of OCGA § 9-15-14 under which

it was made, noting that "[s]pecificity in the award is important because the standards of appellate review are different under each subsection") (citation omitted).[1]

2. In light of our holding above in Division 1, it is unnecessary to address the remaining issues in the appeal. See *Reynolds*, supra at 791 (2).

*Judgment vacated and case remanded. Dillard, C. J., and Doyle, P. J., concur*.

---

[1] The appellees seem to argue that because the underlying lawsuit was voluntarily dismissed without prejudice, as opposed to proceeding to trial, the trial court's order should not be vacated. However, this argument is without merit. See generally *Meister v. Brock*, 268 Ga. App. 849, 850-851 (2) (602 SE2d 867) (2004) (vacating judgment and remanding case where attorney fee award lacked appropriate findings; fee award followed plaintiff's voluntary dismissal of the lawsuit without prejudice).