**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 8, 2019**

# In the Court of Appeals of Georgia

A18A2146. COOK v. CAMPBELL-COOK.

MERCIER, Judge.

Dana Campbell-Cook (the wife) filed a motion for contempt against Steve Cook (the husband), alleging he violated the terms of their divorce decree. After the trial court found the husband in contempt, the wife moved for attorney fees pursuant to OCGA § 9-15-14 (b), alleging that the husband's defense to the contempt motion lacked substantial justification. The court granted the wife's motion for attorney fees. We granted the husband's application for discretionary review of the fee award. For the reasons that follow, we affirm the judgment in part, vacate it in part, and remand the case with direction.

OCGA § 9-15-14 (b) provides, in pertinent part:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct[.]. . . As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

We review an award of attorney fees pursuant to OCGA § 9-15-14 (b) for an abuse of discretion. *Murray v. DeKalb Farmers Market*, 305 Ga. App. 523, 525 (2) (699 SE2d 842) (2010).

The relevant procedural history is as follows. The parties, who have one minor child together, were divorced in January 2015. The divorce decree incorporated a settlement agreement that included provisions regarding child support, custody, parenting time, life insurance, medical expenses, health insurance, and attorney fees.

On June 14, 2017, the wife, acting pro se, filed a motion for contempt, alleging that the husband was in contempt of the divorce decree because he failed to maintain a life insurance policy and refused to follow the parenting plan. On July 5, 2017, the

2

wife, through counsel, amended the motion for contempt. In the amended motion, the wife alleged that the husband wilfully violated the settlement agreement by: refusing to obtain life insurance; keeping the child overnight; regularly using and possessing illegal substances at his residence and consuming alcohol when the child was in his custody;[1] allowing his girlfriend to spend the night when the child was in his custody and taking the child to spend the night at the girlfriend's house;[2] failing to obtain medical insurance for the child; failing to reimburse the wife for medical expenses she paid for the child; and failing to pay attorney fees as previously ordered by the court. The wife requested that the court jail the husband and require that he pay the amounts owed and attorney fees pursuant to OCGA § 19-6-2 for her bringing the contempt action.

The husband filed an answer to the motion for contempt on July 20, 2017, and an amended answer on August 2, 2017. In his answer (as originally filed and as amended), the husband denied the wife's substantive allegations. The husband added

---

[1] Paragraph "3. *Parenting Time*," provides in section (y): The father shall not be under the influence of alcohol, drugs or intoxicants of any type while the child is in his physical possession."

[2] Paragraph "3. *Parenting Time*," provides in section (z) that the parties shall not permit an adult non-relative member of the opposite sex to spend the night with them when the child is in that party's custody, and that "[b]oth parties shall at all times maintain the child in a wholesome atmosphere and environment[.]"

3

that the wife was barred from recovery "due to unclean hands" because she failed to comply with the agreement's provisions that prohibited her from disparaging him in front of the child, that allowed him certain visitation, and that allowed him to designate an individual to pick up the child.

Following an evidentiary hearing on the motion for contempt on August 3, 2017, the trial court entered an order in which it found the husband in contempt for failing to obtain a life insurance policy, failing to obtain health insurance for the child, keeping the child overnight, and permitting an adult non-relative to spend the night when the child was present. The court further found that the husband exposed the child to alcohol and drugs (and should not have), but it did not find that the husband was under the influence of alcohol and/or drugs. The court also found the husband in contempt for failing to reimburse the wife for the child's uncovered medical expenses. The court gave the husband time to purge himself of certain acts of contempt; specifically, it allowed him until September 20, 2017, to reimburse the wife for medical expenses, and 30 days to complete his application for life insurance and to obtain health insurance for the child.

The court found that, "[a]s to parenting time issues," which included overnight visitation and exposing the child to alcohol and drugs, the husband could not purge

himself of contempt. Explaining that the husband had violated the clear terms of the order and the agreement – paragraphs 3 (a) (regarding overnight visitation) and 3 (z) (requiring he maintain a proper and wholesome atmosphere, and prohibiting adult non-relative members of the opposite sex from spending the night with the child present) – the court sentenced the husband to serve five days in jail, beginning immediately. The court reserved ruling on whether the husband was also in contempt for failing to pay the wife attorney fees incurred in the divorce proceeding (as previously ordered). The court denied the wife's request for attorney fees pursuant to OCGA § 19-6-2, finding that she failed to prove the parties' financial circumstances.[3]

A second hearing was held on September 21, 2017. In an order entered on October 6, 2017, the trial court found the husband in wilful contempt for failing to pay attorney fees the wife incurred in the divorce proceeding. The husband also filed a contempt action against the wife, but he dismissed it before the wife filed any responsive pleadings.

---

[3] OCGA § 19-6-2 pertinently provides that it is within the discretion of the court to grant attorney fees as a part of the expenses of litigation in divorce cases and contempt cases arising out of divorce cases, and that the court shall consider the financial circumstances of both parties in determining the amount of attorney fees, if any, to be allowed.

On October 5, 2017, the wife filed a motion pursuant to OCGA § 9-15-14 (a) and (b) for attorney fees and litigation expenses incurred in pursuing her contempt action, asserting that the husband's defenses to her contempt motion lacked substantial justification and were frivolous. She also asserted that the husband sought to delay the process by filing his own contempt action against her. The wife submitted with her motion for fees an affidavit from her counsel. In the affidavit, counsel provided her bar admission date and hourly rate, adding that her rate was "reasonable based upon [her] years of experience and . . . the location of [her] practice." Counsel averred that, as of the date of the affidavit (September 20, 2017), she had expended approximately 27 hours (at $250 per hour) pursuing the wife's contempt action and that her fees and costs totaled $6,675. Counsel attached to the affidavit invoices showing her charges from June 29, 2017 through August 3, 2017. She later introduced an invoice for $750 for the September 21, 2017 hearing appearance. The parties and court also referred to a $750 bill for attorney fees assessed from September 29 through October 26, 2017, though the parties have not provided a citation to the record for that bill.

Following a November 30, 2017 hearing on the attorney fee motion, the trial court issued an order awarding the wife $8,145 in attorney fees and litigation expenses

6

pursuant to OCGA § 9-15-14 (b).[4] In its order, the court found that the wife "prevailed on every issue that was raised at the hearing" on the OCGA § 9-15-14 motion and concluded that the husband's defenses to the wife's contempt claims lacked substantial justification. The court stated that it was granting fees for every entry on the wife's counsel's affidavit and the two additional bills (September 21, 2017 and September 29, 2017 through October 26, 2017). The court denied the wife's fee request related to the contempt case that the husband filed against her, reasoning that his case was dismissed "before any substantive work was performed" and that the case "never required an adjudication of the merits."

1. The husband contends that the trial court erred by failing to make specific findings of fact as to the conduct upon which the award of attorney fees was based. We disagree.

"[A]n order granting attorney fees under OCGA § 9-15-14 must contain express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize the award." *McClure v. McCurry*, 329 Ga. App. 342, 344 (2) (765 SE2d 30) (2014) (citation and punctuation omitted). In this

---

[4] The court remarked that counsel made a mathematical error, in that the $6,675 figure should have been $6,645.

7

case, the trial court made express findings of fact and identified the statutory basis for the award. In its written order, the trial court stated that the husband's defenses lacked substantial justification, specifically citing the husband's defenses concerning life and medical insurance, medical expense reimbursement, and alcohol and drug exposure. The court specified that it was awarding the fees pursuant to OCGA § 9-15-14 (b). Additionally, at the final hearing on the motion for fees, the court discussed in detail its findings and the specific conduct upon which it based the fee award. Having reviewed the record in this case, we conclude that the court made sufficient findings of fact to support an award. See generally *Long v. City of Helen*, 301 Ga. 120, 121-122 (799 SE2d 741) (2017). Compare *McClure*, supra. See also *Ward v. Ward*, 289 Ga. 250, 251 (2) (710 SE2d 555) (2011) (in reviewing basis for OCGA § 9-15-14 attorney fee award, appellate court may look to written order and hearing transcript).

2. The husband contends that the trial court abused its discretion in refusing to consider the sufficiency of detail in the wife's attorney's invoices or billing statements. According to the husband, the court based that refusal on the erroneous conclusion that the wife prevailed on all substantive claims in the contempt motion and that simply prevailing authorized an award of attorney fees under OCGA § 9-15-14. He argues that

8

the court failed to consider whether the fees were reasonable and necessary and which fees were incurred due to his alleged sanctionable conduct.

"OCGA § 9-15-14 (b) authorizes an award of reasonable and necessary attorney fees upon a finding that an action or any part thereof lacked substantial justification." *Razavi v. Merchant*, 330 Ga. App. 407, 409 (1) (a) (765 SE2d 479) (2014) (punctuation and footnote omitted). "[T]he trial court must limit the fees award to those fees incurred because of the sanctionable conduct. Lump sum or unapportioned attorney fees awards are not permitted in Georgia." *Shooter Alley v. City of Doraville*, 341 Ga. App. 626, 629 (1) (c) (800 SE2d 588) (2017) (citations and punctuation omitted).

In its order, the trial court found that the husband's defenses lacked substantial justification and stated that it was awarding fees for "[e]very entry" on the wife's counsel's affidavit ($6,645, after correcting a mathematical error); $750 "[o]n the additional bill, . . . which comprises the entries from September 29 through October 26"; and $750 for "the September 21 entry." The court denied the wife's motion for fees related to the contempt case that the husband filed and dismissed.

(a) The trial court did not base its award solely on whether the wife prevailed on her claims. Although the court stated that the wife prevailed on her substantive claims, it also stated that it "look[ed] to the defenses asserted by [the husband] to determine whether, in fact, his defense[s] lacked substantial justification," and it found that each of his defenses lacked substantial justification. See OCGA § 9-15-14 (b). The court discussed each defense separately at the hearing and explained how each one met the required standard.[5] The husband has shown no error in this regard.

(b) However, it is not clear from the record that the court considered the reasonableness and necessity of the all of the fees awarded. On the one hand, there was evidence of reasonableness and necessity introduced, and the court recognized the importance of such evidence. In that regard, the court had before it counsel's affidavit, billing statements, and her testimony regarding her hourly rate, some billing entries (including dates, tasks performed, and the amount of time spent on those tasks), and her conclusion that her rates were reasonable and the work performed was necessary. And, the trial court remarked at the hearing that the issue then before the court was the reasonableness of the fees, and that the husband's counsel was "entitled

---

[5] We review the issue of whether the wife prevailed on her claims in Division 3.

10

to question opposing counsel about the reasonableness of the fee in relation to what was done, and hourly rate and the reasonableness of the hourly rate"; indeed, the husband's counsel conducted a lengthy and detailed cross-examination of the wife's counsel on the reasonableness and necessity of the fees. Thus, the wife presented "sufficient proof of the actual costs and the reasonableness of those costs" to support an award of at least some of the attorney fees and costs. Compare *Reynolds v. Clark*, 322 Ga. App. 788, 790 (1) (746 SE2d 266) (2013).

On the other hand, the appellate record does not include sufficient proof of the actual costs and the reasonableness of *all* of the fees awarded. For example, the court awarded attorney fees that the wife incurred from September 29, 2107 through October 26, 2017, but that bill does not appear to be part of the record. And the hearing testimony related thereto is not sufficiently detailed to permit any meaningful appellate review of an award of those fees. We need such detail for proper review. See *Franklin Credit Management v. Friedenberg*, 275 Ga. App. 236, 242 (2) (d) (620 SE2d 463) (2005); see also *Adams v. Pinetree Trail Enterprises*, 347 Ga. App. 697, 699 (1) (820 SE2d 735) (2018); *Duncan v. Cropsey*, 210 Ga. App. 814, 815-816 (2) (437 SE2d 787) (1993). "The trial court simply did not provide this Court with a yardstick by which we may judge whether the [amount of the] award is reasonable."

11

*Franklin Management*, supra at 243 (citation omitted) (instructing that the trial court may hold a hearing if supplemental evidence is needed to determine the proper amount of fees). Because the fee award in this case is based in part on billing records we are unable to review, we vacate the award and remand the case for the trial court to determine the amount of reasonable and necessary attorney fees and to indicate the basis for its award; if supplemental evidence is needed to make the required determination, the court may hold a hearing for that purpose. Id.

3. The husband contends that the trial court abused its discretion by: (a) finding that all of his defenses to the contempt action lacked substantial justification; and (b) awarding fees incurred before he asserted any defenses. We disagree with the first contention, but agree with the second.

(a) At the November hearing, the court discussed each of the wife's claims of contempt and explained its basis for concluding that the husband's defenses to each allegation lacked substantial justification. The trial court found that the settlement agreement and decree were clear, that the husband knew he violated the pertinent provisions, and that "he defended everything" without justification. Indeed, the wife alleged in her contempt action that the husband violated the agreement regarding (1) life insurance, (2) parenting time (keeping the child overnight, being under the influence

12

of alcohol or drugs, using and possessing illegal substances, consuming alcohol while the child was in his custody, failing to maintain a proper and wholesome atmosphere when the child was in his custody, allowing girlfriend to spend the night with the child), (3) medical expenses, (4) health insurance, and (5) attorney fees awarded under prior orders. Contrary to the husband's assertion that the court awarded fees "based solely on the fact that [he] was found in willful contempt on *several* claims" (emphasis supplied), the wife prevailed on *each* of the five claims made, and the court found that his defenses to each claim were without substantial justification.

The husband asserts that "the trial court's own orders" show that his defenses to the contempt motion did not lack substantial justification. He cites the following: the court found it "inequitable" that the wife submitted her request for medical expense reimbursement in a lump sum, so the court allowed the husband additional time after the hearing to make the payment; the court did not find that he was under the influence of drugs or alcohol; and the court gave him additional time to obtain life and health insurance. However, the court found that the husband was in wilful contempt for failing to reimburse the wife for the medical expenses and not obtaining life and health insurance – it simply allowed him additional time to pay her and to secure insurance. And the trial court's failure to find that the husband was under the influence of drugs

13

or alcohol does not show that he asserted a justifiable defense; the court did find that he exposed the child to drugs and alcohol. Either act was a violation of the agreement's parenting time provision. The court found the husband in contempt as to each of the wife's five claims, explaining at the hearing why each defense lacked justification. The husband did not prevail on any of the claims. Thus, the trial court did not abuse its discretion by finding that all of his defenses lacked substantial justification. See generally *Murray*, supra.

(b) The husband contends that because the trial court awarded attorney fees based on its conclusion that his defenses lacked substantial justification, and he first asserted defenses in the contempt action in the answer he filed on July 20, 2017, the trial court erred by awarding attorney fees incurred prior to July 20, 2017. We agree.

"[A]n award under OCGA § 9-15-14 (b) involves consideration of the conduct of the party against whom an award is sought . . . along with the impact of that conduct on the attorney fees incurred by the opposing party." *Citizens for Ethics in Government v. Atlanta Development Authority*, 303 Ga. App. 724, 736 (3) (694 SE2d 680) (2010) (citation and punctuation omitted). No authority exists to award attorney fees merely because an action is for contempt. *Tate v. Tate*, 340 Ga. App. 361, 364 (3) (797 SE2d 227) (2017). As discussed above, OCGA § 9-15-14 (b) authorizes a

trial court to assess attorney fees upon a finding that a party's defenses to the action lacked substantial justification. An award of attorney fees under OCGA § 9-15-14 cannot be based on conduct occurring before the proceeding was initiated. See generally *Regan v. Edwards*, 334 Ga. App. 65, 66 (778 SE2d 233) (2015); *Cobb County v. Sevani*, 196 Ga. App. 247, 248 (395 SE2d 572) (1990) (the focus of OCGA § 9-15-14 (b) is upon the actions that may be undertaken in connection with the underlying legal proceedings, not upon any pre-litigation actions). The court was required to limit the fee award to those fees incurred because of the sanctionable conduct. *Moore v. Hullander*, 345 Ga. App. 568, 573-574 (2) (c) (814 SE2d 423) (2018). Here, the sanctionable conduct underlying the fee award was the husband's assertion of defenses to the contempt action that lacked substantial justification. Thus, the trial court erred to the extent it awarded fees under OCGA § 9-15-14 (b) for attorney fees and costs incurred before the husband engaged in that sanctionable conduct.

On remand, the court is directed to determine the appropriate amount of the fee award, excluding fees incurred before the husband asserted defenses to the contempt action. See generally *Reid v. Reid*, 2019 Ga. App. LEXIS 46, *11 (Case No. A18A1498).

15

*Judgment affirmed in part, vacated in part, and case remanded with direction. Dillard, C. J., and Doyle, P. J., concur.*