# Court of Appeals
# of the State of Georgia

ATLANTA,  February 13, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0229.  DERRICK JACKSON v. ARTHUR MCCRACKEN et al.**
**A24D0230.  MATTHEW D. MCMASTER v. ARTHUR MCCRACKEN et al.**

Derrick Jackson[1] and Arthur and Julie McCracken entered into a residential lease and option to purchase property. Jackson filed suit against the McCrackens, and in September 2023, the trial court granted the McCrackens' motion for summary judgment as to all of Jackson's claims. Jackson filed a notice of appeal, and the appeal was docketed in this Court as Case No. A24A0653.[2] After Jackson filed his appeal, the McCrackens filed a motion for attorney fees in the trial court. On December 27, 2023, the trial court awarded the McCrackens fees against Jackson and his attorney, Matthew D. McMaster, pursuant to OCGA § 9-15-14. Jackson and McMaster have filed these timely applications for discretionary review of the fee award.

Generally, OCGA § 5-6-35 (a) (10) requires that an appeal of an award of attorney fees under OCGA § 9-15-14 come via the discretionary appeal procedures. However, "a post-judgment award of attorney fees may be appealed directly without regard to the discretionary appeal procedures where there is a pending appeal taken from the underlying judgment." *Reynolds v. Clark*, 322 Ga. App. 788, 789 (746 SE2d 266) (2013). Here, there is a pending appeal — Case No. A24A0653 — of the

---

[1] Jackson's first name is also spelled "Derreck" in some of the trial court's records.

[2] Other related appeals have also been docketed in this Court. See *Derrick Jackson v. Paramount Properties Management Group, LLC*, Case No. A24A0624; *Derrick Jackson v. Arthur McCracken et al.*, Case No. A24A0114.

underlying grant of summary judgment. Therefore, Jackson and McMaster may directly appeal the trial court's December 27, 2023 fee award without regard to the discretionary appeal procedures.

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, these applications are hereby GRANTED. Jackson and McMaster shall have ten days from the date of this order to file notices of appeal in the trial court. If they have already filed notices of appeal in the trial court, they need not file second notices. The clerk of the trial court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__02/13/2024_____*
 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*