709 S.E.2d 806 (2011)
289 Ga. 166
ABT
v.
ABT.
No. S11F0670.
Supreme Court of Georgia.
April 26, 2011.
*807 Banks & Stubbs, Robert Sherwood Stubbs, III,, Cumming, for appellant.
Pamela L. Tremayne, Atlanta, for appellee.
THOMPSON, Justice.
After more than 16 years of marriage, Michael Abt ("husband") filed a complaint for divorce from Kerry Abt ("wife"). There were two children born of the marriage. The trial court conducted a temporary hearing and awarded the parties joint legal custody of their children with wife being named primary physical custodian. Thereafter, wife allowed her boyfriend to move into the marital home. Husband amended his complaint and added supplemental grounds for divorce to include adultery. During the next few months, the children revised their election of custodial parent several times, related in part to wife's new boyfriend and his residence in the home.[1] Just before trial, wife moved for the appointment of a guardian ad litem to address the custodial fluctuations of the children, causing a delay in the trial. The court granted wife's motion and appointed a guardian ad litem.
On the eve of trial, the parties announced they had settled the contested custody issues and agreed to a split-custody arrangement. The remaining issues were tried to a jury. Following the jury trial and entry of the verdict, wife filed a motion for new trial. Both parties being partially dissatisfied with the jury verdict, they entered into a consent agreement adopted by the court which granted a new trial, stipulated to a non-jury trial, and prohibited either child from being in the presence of wife's boyfriend. After the non-jury trial, the trial court entered a final judgment and decree of divorce and ordered wife to pay husband $14,862.50 in attorney fees under OCGA § 9-15-14(b). Wife filed an application for discretionary appeal challenging the court's attorney fee award. We granted the application pursuant to our Family Law Pilot Project. See Wright v. Wright, 277 Ga. 133, 587 S.E.2d 600 (2003).
Wife contends the award of attorney fees pursuant to OCGA § 9-15-14(b) represents an unauthorized expansion of the "improper conduct" phrase of that subsection. OCGA § 9-15-14(b) authorizes an award of reasonable and necessary attorney fees upon a finding that an action or any part thereof lacked substantial justification, was interposed for delay or harassment, or an attorney or party unnecessarily expanded the proceeding by other improper conduct. "The damages authorized by § 9-15-14 `are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with (abusive litigation).' [Cit.]" O'Keefe v. O'Keefe, 285 Ga. 805, 806, 684 S.E.2d 266 (2009). An award of fees under "OCGA § 9-15-14(b) is discretionary and the standard of review is abuse of discretion." Haggard v. Bd. of Regents, etc., 257 Ga. 524, 527, (4) (c) 360 S.E.2d 566 (1987).
After consideration of all of the evidence in this case, the trial court based its fee award on its conclusion that wife's actions during the divorce proceedings, including her actions with respect to her live-in boyfriend and their interaction with the children, caused the children to vacillate in their respective custodial elections and resulted in the necessity for the appointment of a guardian ad litem, the need to conduct emergency hearings, the entry of an order restraining wife from approaching husband's residence or business location, and the overall expansion of litigation. Our review of the record *808 demonstrates the trial court did not abuse its discretion by finding that wife's actions unnecessarily expanded the litigation or caused delay, and therefore, the court did not err by awarding attorney fees under OCGA § 9-14-15(b). See Taylor v. Taylor, 282 Ga. 113, 115, 646 S.E.2d 238 (2007) ("trial court can award attorney fees against a party who has unnecessarily expanded the litigation or acted to cause delay").
Judgment affirmed.
All the Justices concur.
NOTES
[1] On June 30, 2009, husband filed an emergency motion for modification of custody and other relief alleging that the children were in danger as a result of wife's boyfriend. At this time, the children executed elections indicating their respective desires to live with husband. The court transferred temporary physical custody of the children to husband, suspended child support payments to wife, and suspended wife's visitation rights. By September 23, 2009, the children executed new affidavits indicating their desire to visit their mother more often. The court subsequently granted the eldest child's request to live with her mother.