**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 18, 2013

# In the Court of Appeals of Georgia

A13A0458. PATTERSON v. HRAGYIL.

BOGGS, Judge.

Nicole Patterson appeals from the trial court's award of attorney fees to Craig Hragyil under OCGA § 9-15-14 (b). She contends that the trial court erred because it relied upon information outside the record to award attorney fees, failed to specify in its order the conduct supporting the award of fees, and did not limit the amount of the attorney fee award to fees incurred due to the sanctionable conduct. She also asserts that the trial court erred by failing to grant her cross-motion for attorney fees under OCGA § 9-15-14 (b). For the reasons explained below, we reverse the trial court's award of attorney fees against Patterson, and affirm the trial court's denial of Patterson's cross-motion for attorney fees.

The record shows that on August 31, 2011, Patterson's counsel wrote to Craig Hragyil seeking to resolve Patterson's claim for back child support for her 11-year-old daughter. The letter stated:

> Some years ago, you agreed to pay Ms. Patterson $125 per week and to also regularly contribute to [the child]'s medical needs and to the costs associated with her extra-curricular activities. Ms. Patterson certainly recognizes and appreciates that you have provided some support for [the child], but your support has not been regular or timely and you currently owe Ms. Patterson $3,688 pursuant to your verbal agreement. Based upon [the child]'s changing needs as she enters the teen years, as well as your inability to honor your agreement to support [the child], Ms. Patterson has sought my assistance to establish regular monthly child support for [the child] pursuant to the Georgia Child Support Guidelines.

On September 22, 2011, Patterson filed a complaint against Hragyil for paternity and back child support. Hragyil did not file an answer to this complaint, even though counsel entered an appearance on his behalf on October 27, 2011. The record shows that since the child's birth, both parties believed Hragyil to be the father of Patterson's child, and that he visited and maintained a parental bond with the child.

On October 14, 2011, Hragyil showed Patterson on a tablet computer screen "the results of an at-home paternity test that indicated that he was not the father" of

2

Patterson's child. He did not provide Patterson with a copy of the test results. During a 30-day status conference held on October 26, 2011, the issue of paternity arose, and the trial court ordered the parties to attend a mediation.

In a November 1, 2011 letter, Hragyil's counsel proposed that for the best interest of the child, the parties reach an agreement with regard to visitation and child support. The letter also stated, "[w]e believe that Ms. Patterson's request for a DNA test is not in [the child]'s best interests" because "[r]egardless of the outcome of that DNA test, we believe that Mr. Hragyil's relationship with [the child] will remain that of a father and his daughter."

In a November 9, 2011 letter, Patterson's counsel replied that her client agreed "that reaching an out-of-court Agreement is certainly in [the child]'s best interest" and made a counter-proposal with regard to visitation and child support. The letter concluded with the following statement: "For the time being, Ms. Patterson has decided to forego her request for a chain of custody DNA test. Please let us know whether Mr. Hragyil intends to acknowledge paternity."

On November 28, 2011, after the parties failed to reach a settlement agreement,[1] Patterson offered to make the child available for a formal DNA test with chain-of-custody safeguards to resolve the paternity issue. On Friday, December 9, 2011, around 5:00 p.m., Patterson received results from a chain-of custody DNA test showing that Hragyil was not the father of her child. She voluntarily dismissed her complaint without prejudice the following Monday, December 12, 2011.

On January 12, 2012, Hragyil moved for an award of attorney fees under OCGA § 9-15-14 because Patterson continued the lawsuit after learning that the at-home paternity test showed he was not the father. He argued:

> when [Patterson] learned that [Hragyil]'s test results showed that he was not the biological father, [Patterson] delayed the proceedings by continuing to insist that the results were wrong. [Patterson] argues that [Hragyil]'s test was unauthenticated and she was not obligated to rely upon it. That may be true. However, [Patterson] could have still acknowledged that a possibility existed that [Hragyil] was not the Child's biological father. She could have apologized for that mistake.

[1] Hragyil proposed joint legal custody, parenting time for him every other weekend and twice a week, child support payments of $500 per month ($125 weekly), and shared medical expenses. Patterson responded that she wanted sole legal custody, one payment for child support and medical expenses each month to be determined after being provided an opportunity to review Hragyil's financial records, and a payment of $233 a month to satisfy past due payments of $5,600 under the parties' previous verbal agreement.

4

She could have recognized the Child's strong bond with [Hragyil] and agreed to amicably work towards a parenting time schedule and child support amount without the need for further litigation. Had she done any of those things, this Court would not be entertaining this Motion for Attorney's Fees.

Patterson opposed the motion and filed a cross-motion for attorney fees expended in defending Hragyil's motion for attorney fees. She asserted that she was not obligated to dismiss her complaint based upon Hragyil's failure to answer the complaint. She also filed an affidavit outlining her reasons for believing in good faith that Hragyil was the father of her child. She also attached a document showing that in 2008, Hragyil acknowledged that he was the child's father and consented to changing the child's last name to his own.

Following a hearing in which the trial court heard argument from counsel, it orally granted Hragyil's motion for fees and denied Patterson's cross-motion for fees. It subsequently adopted an order[2] prepared by Hragyil's counsel that concluded:

[2] While this order states that the motion was brought under OCGA § 9-15-14 (a), it is clear from a review of the substance of the motion that fees were sought under subsection (b). "There is no magic in nomenclature, and we judge pleadings, motions and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice." (Citation and footnote omitted.) *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 64 (1) (537 SE2d 670) (2000).

"Based on the evidence presented to the Court, the Court finds that despite learning from Respondent that he was not the minor child's biological father, Petitioner continued the litigation and her actions were substantially frivolous and caused the proceedings to be unnecessarily expanded."

OCGA § 9-15-14 (b) provides:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

"An award of attorney fees under subsection (b) is discretionary and the standard of review is abuse of discretion." (Citation and punctuation omitted.) *Abt v. Abt*, 289 Ga. 166, 167 (709 SE2d 806) (2011).

1. In this case, the trial court abused its discretion by requiring Patterson to pay attorney fees to Hragyil. The record shows without dispute that Hragyil voluntarily engaged in settlement negotiations with the mother based upon his desire to continue his father-daughter relationship with Patterson's child *after* he showed her the results of the at-home paternity test. In these same negotiations, he expressed the belief that the formal DNA test requested by the mother in her complaint would be against the child's best interests. When the parties failed to reach a settlement agreement, the mother promptly obtained a chain of custody DNA test and immediately dismissed her complaint after she received the results. And in a brief below, Hragyil admitted that he "does not fault [Patterson] for filing her Complaint and requesting that the Court establish paternity and child support" and that "it was plausible for [her] to believe that [he] was the father of her child."

Patterson's failure to accept the validity of an informal, undocumented paternity test, however, does not render her continued efforts to reach an agreement with the alleged father substantially frivolous. Likewise, her conduct in negotiating with the father *at his request* did not unnecessarily expand the proceedings. See *Dodson v. Walraven*, 318 Ga. App. 586, 590 (3) (734 SE2d 428) (2012) (reversing award of attorney fees under OCGA § 9-15-14 (b) when "little if any extra time

7

spent" on issues of child support beyond "normal course of resolving issues raised in legitimation petition"). We therefore reverse the trial court's award of attorney fees against Patterson.

2. We find no abuse of discretion by the trial court in denying Patterson's cross-motion for attorney fees expended to respond to Hragyil's motion for attorney fees. See *MARTA v. Doe*, 292 Ga. App. 532, 539-540 (5) (664 SE2d 893) (2008) (finding no abuse of discretion by trial court in denying fees under OCGA § 9-15-14 (b)); *Kilgore v. Sheetz*, 268 Ga. App. 761, 770 (2) (603 SE2d 24) (2004) (same).

*Judgment affirmed in part and reversed in part. Doyle, P. J., and McFadden, J., concur.*