**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**DILLARD AND RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 24, 2015**

# In the Court of Appeals of Georgia

A15A1368. THE STATE v. HASSON.

RAY, Judge.

Lawrence Martin Hasson was charged with driving without headlights (OCGA § 40-8-20); violation of open container law (OCGA § 40-6-253); driving while license suspended (OCGA § 40-5-121 (a)); reckless driving (OCGA § 40-6-390); driving under the influence (less safe - alcohol) (OCGA § 40-6-391 (a) (1)); and driving under the influence (per se) (OCGA § 40-6-391 (a) (5)). He filed a motion challenging venue as improper and seeking a transfer of the case from DeKalb County to Fulton County. After a hearing, a DeKalb County trial court issued an order granting the motion but characterizing the issue as a motion for suppression of

evidence. The State appeals,[1] arguing that the trial court erred in finding venue improper in DeKalb County and in considering the venue challenge in the context of a pretrial motion. Finding error, we reverse.

At the hearing on Hasson's motion challenging venue, Officer John Thompson IV with the Atlanta Police Department's DUI Task Force testified that on May 24, 2014, another officer was dispatched to check out "a person asleep behind the wheel at Ponce de Leon and Moreland Avenue" after a "concerned citizen" made a 911 call. Thompson testified that the 911 call was placed to "City of Atlanta . . . Zone 6" which is "partially in DeKalb and partially in Fulton County[.]" He testified that the initial call to the other officer took place "right on the line, but on the Fulton County side." The other officer activated his blue lights, but the subject vehicle proceeded through an intersection where

> Moreland splits the DeKalb and Fulton County line. So the vehicle
> proceeded over Moreland and into DeKalb County. As it proceeded into
> DeKalb County, [the other officer] observed [that] the vehicle did not

---

[1] The State moved for reconsideration of the trial court's grant of the suppression motion, but filed its notice of appeal before receiving a ruling. Therefore, the trial court lost jurisdiction. See *Heard v. State*, 280 Ga. 348, 349 (2) (627 SE2d 12) (2006).

2

have its lights on. He initiated a traffic stop. The vehicle stopped at Ponce and Springdale, which is within DeKalb County's jurisdiction.

Officer Thompson testified that Hasson was stopped at "the border of Fulton and DeKalb County[,]" which is "literally, the dividing line . . . for the zone, and for jurisdiction[,]" approximately "a half mile" over the county line. He testified that "we have jurisdiction in DeKalb . . . to that particular point, we hadn't left the City of Atlanta in DeKalb County's jurisdiction." Officer Thompson then conducted a DUI investigation in DeKalb County and arrested Hasson. Hasson was booked through the City of Atlanta Jail and had a first appearance hearing in Atlanta Municipal Court.

1. As an initial matter, we must discuss the nomenclature and the substance of both the motion and the order at issue in this appeal.

Hasson filed a motion entitled "Motion to Challenge Venue," which argues that venue is improper in DeKalb County and requests that venue be transferred from DeKalb County State Court to Fulton County State Court. While Hasson sought a transfer of venue, he did not do so pursuant to OCGA § 17-7-150 (a) (1), which provides for pretrial venue changes where an impartial jury cannot be obtained in the county where the crime was committed. See *Moon v. State*, 287 Ga. 304, 312 (3) (696 SE2d 55) (2010) (Nahmias, J., concurring). "To prevail on a motion to change venue,

3

the petitioner must show (1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible." (Citation and punctuation omitted.) *Bates v. State*, 322 Ga. App. 319, 321 (2) (744 SE2d 841) (2013). Hasson has made no argument or showing on these points.

Nor did Hasson's pretrial motion seek dismissal of the DeKalb County indictment based on improper venue. See *State v. Al-Khayyal*, 322 Ga. App. 718, 720-721, 725 (744 SE2d 885) (2013) (reversing a trial court's grant of a pretrial motion to dismiss indictment for lack of venue where the record did not support a finding that it would be impossible for the State to show defendant committed the offenses in a particular county, as alleged in the indictment); *Babbitt v. State*, 314 Ga. App. 115, 116-117 (1) (723 SE2d 10) (2012) (reviewing a trial court's pretrial venue determination following defendant's motion to dismiss indictment); *State v. Johnson*, 269 Ga. 370, 372 (2) (499 SE2d 56) (1998) (same); *State v. Barber*, 193 Ga. App. 397, 398-399 (388 SE2d 350) (1989) (same). See also *State v. Mayze*, 280 Ga. 5, 5, 10-11 (622 SE2d 836) (2005) (reviewing defendant's demurrer to indictment in the context of a constitutional challenge to the venue provision of a particular Code section).

4

We recognize that "[t]here is no magic in nomenclature, and we judge pleadings, motions and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice." (Citation and punctuation omitted.) *Patterson v. Hragyil*, 322 Ga. App. 329, 331, n. 2 (744 SE2d 851) (2013). Here, Hasson's motion functions as a substantive challenge as to whether the State can meet its burden of proving venue, and his motion seeks to transfer venue on that basis.

The trial court responded to that motion with a determination titled "Order Denying Defendant's Motion to Suppress." The order states that "Defendant's [m]otion to [s]uppress is hereby GRANTED[.]" Hasson made no motion to suppress. The trial court's order does not dismiss the DeKalb County indictment. Rather, it states that it is granting Hassan's motion because

> 1. The Defendant's case was presented to the City of Atlanta Municipal Court for an Inquiry Hearing on July 17, 2014. 2. That the initial proba[ble] cause for the stop of Defendant's vehicle [occurred] in the City of Atlanta, Fulton County[,] where the officer activated Blue Lights[.] 3. The City of Atlanta Police Dept. prepared the initial police report.

5

Again, we judge orders not by their names or titles, but by their function and substance. Id. The substance of the trial court's order is a per se determination of venue and, apparently, a grant of Hasson's motion to transfer the case to Fulton County on the basis that venue is improper in DeKalb County. As the State contends in its second enumeration, a determination of venue in the particular context presented to us is reserved for the finder of fact at trial.

"Venue is a jurisdictional fact and an essential element that the State must prove beyond a reasonable doubt for every crime. The State may use both direct and circumstantial evidence to prove venue. In general, defendants should be tried in the county where the crime occurred." (Citations and punctuation omitted.) *Jones v. State*, 329 Ga. App. 439, 444 (1) (b) (765 SE2d 639) (2014) (reiterating that if a crime is committed in transit or in more than one county, Georgia law provides special methods to establish venue). See also OCGA § 17-2-2 (a), (b), (e), (h). Pertinently, "[w]hether venue has been sufficiently proved *is an issue for the jury* to determine." (Footnote omitted; emphasis supplied.) *Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002). Accordingly, we reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

2. Because the trial court erred as outlined above and we reverse on that basis, we do not address the State's remaining enumeration.

*Judgment reversed. Ellington, P. J., and Dillard, J., concur.*