# Court of Appeals
# of the State of Georgia

ATLANTA,  June 07, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0439.  CHRISTOPHER A. RICE v. THE STATE.**
**A17D0452.  CHRISTOPHER A. RICE v. THE STATE.**

In 1994, Christopher A. Rice was convicted of burglary, two counts of armed robbery, two counts of kidnapping, and possession of a firearm during the commission of a felony.  In February 2017, Rice filed an "Extraordinary Motion for New Trial."  Contesting the two life sentences imposed upon him,[1] Rice argued that the indictment was fatally defective, that the trial court gave an improper jury instruction, and that his trial counsel rendered ineffective assistance.  On April 28, 2017, the trial court denied Rice's motion.

On March 8, 2017, Rice filed a pro se discretionary application, which was docketed in this Court as Case No. A17D0439.  Three days later, Rice filed another pro se discretionary application from the same trial court order, and Case No. A17D0452 was docketed in this Court.  We consolidate Case Nos. A17D0439 and A17D0452 for disposition.  For reasons explained below, we lack jurisdiction.

Because "there is no magic in nomenclature," we construe a pleading not by its caption, but by its function and substance.  *State v. Hasson*, 334 Ga. App. 1, 3 (1) (778 SE2d 15) (2015) (punctuation omitted).  Despite its caption, Rice's motion set forth no viable basis for granting an extraordinary motion for new trial.  In essence, Rice's motion challenged his judgment of conviction.  See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); *Coleman v. State*, 305 Ga. App. 680, 680-681 (700

---

[1] See OCGA § 16-8-41 (b) (authorizing life imprisonment upon armed robbery conviction).

SE2d 668) (2010); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008). But a motion to vacate or modify a conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). And an appeal from an order denying such a motion must be dismissed. See *Roberts*, supra; *Harper*, supra at 218 (2).

We note that Rice complained about his two life sentences. Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). A direct appeal may lie from an order denying a motion to correct a void sentence. See *Harper*, supra at 217 (1), n. 1. However, "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670. Rice has made no assertion that any sentence falls outside of the applicable statutory range, and the arguments he pursued below raised no colorable void-sentence claim.

Because Rice's collateral attack upon his judgment of conviction is not authorized, these discretionary applications are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/07/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*