**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 3, 2020**

# In the Court of Appeals of Georgia

A19A2463. IN THE INTEREST OF A. L., a child.

RICKMAN, Judge.

The State appeals the trial court's dismissal in this juvenile delinquency case. Because we find that this Court lacks jurisdiction of this appeal, we dismiss.

The record shows that the State filed a delinquency petition alleging that A. L., then age 16, was in need of supervision, treatment, and rehabilitation because she drove 106 miles per hour in a 70-mph zone in violation of several traffic laws. As a consequence, among other things, A. L. was subject to receiving six points on her licence, which would result in its suspension. See OCGA § 40-5-57 (c) (1) (A) (viii) (6 points for exceeding the speed limit by 34 mph or more); OCGA § 40-5-57.1 (b) (license shall be suspended where person age 18 or less accumulates four or more points in any 12 month period).

Following an adjudication hearing, at which A. L. admitted to the alleged speeding, the court "ordered and adjudged that [A. L.] did commit delinquent acts which would be the crime of speeding, 106 mph in a 70 mph zone if committed by an adult." (Emphasis omitted.)

At the ensuing disposition hearing, A. L.'s intake officer recommended that she be placed on unsupervised probation, and the State requested the suspension of her license. At the conclusion of the hearing, however, the court held that A. L. was not in need of treatment, rehabilitation or supervision, but that she would be fined $506, and a report of the incident would be sent to the Department of Driver Services ("DDS") for the purpose of suspending her license. In its order, the court concluded that because the child was not in need of treatment, rehabilitation, or supervision, "the Petition should be dismissed. OCGA § 15-11-600 (d)."[1]

A. L. moved that the court reconsider the fine and forbear from sending a report to DDS on the ground that once the petition was dismissed, the court lost authority to order those penalties. In its order on the motion, the court noted that A. L. waived

---

[1] "If the court finds that a child who committed a delinquent act is not in need of treatment, rehabilitation, or supervision, it shall dismiss the proceeding and discharge such child from any detention or other restriction previously ordered." OCGA § 15-11-600 (d).

the issue of whether she should pay the fine imposed by the court. The court then held that under OCGA § 15-11-630 (g) (1),[2] it did not have the authority to notify DDS of the adjudication regarding A. L.'s speeding. The court's amended order repeated the holding in the original order that because the child was not in need of treatment, rehabilitation, or supervision, "the Petition was dismissed," citing OCGA § 15-11-600 (d). The State appeals.

The State's authority to appeal is found in OCGA § 5-7-1 (a), which allows the State to appeal from the dismissal of a "petition" for juvenile delinquency:

> An appeal may be taken by and on behalf of the State of Georgia from . . . juvenile courts . . . in . . . adjudication of delinquency cases in the following instances: (1) From an order, decision, or judgment setting aside or dismissing *any . . . petition* alleging that a child has committed a delinquent act, or any count thereof[.]

(Emphasis supplied.) Nevertheless, as shown below, although the juvenile court stated that it was dismissing "the petition," the applicable law cited by the court, together with other elements of the Juvenile Code show that in fact, the court

---

[2] "If the court finds on the admission of a child or upon the evidence that a child committed the offense charged, it may make one or more of the following orders: (1) Reprimand, counsel, or warn such child and his or her parent, guardian, or legal custodian; provided, however, that this disposition order shall not be available for any act of delinquency." OCGA § 15-11-630 (g).

3

dismissed "the proceeding," not the petition. Consequently, the State does not have authority to appeal and this Court therefore lacks jurisdiction. This result turns on the meaning the word "proceeding" as used in OCGA § 15-11-600 (d), the statute upon which the trial court relied.

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). "To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." (Citation and punctuation omitted.) Id. at 172-173 (1) (a). "For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." (Citations omitted.) *May v. State*, 295 Ga. 388, 391-392 (761 SE2d 38) (2014).

Providing such context, Article 6 of the Juvenile Code shows that a "proceeding" refers to all stages of a delinquency matter. See, e.g., OCGA §§ 15-11-

4

474 (b) ("at all stages of delinquency proceedings"); 15-11-476 (c) ("[i]n a delinquency proceeding"); 15-11-546 ("during the course of the proceedings"); 15-11-490 ("A proceeding under this article may be commenced"); 15-11-622 (a) (proceedings involve allegations or adjudication of delinquent acts); 15-11-530 (b) (parties entitled to attorney "in the proceedings"); 15-11-475 (child entitled to attorney "at all proceedings under this article"). Thus, the legislature clearly intended the term "proceedings" as used in Article 6 to refer to the entirety of a delinquency matter or, in other words, the entire delinquency case.

Furthermore, the legislature distinguished between pre-adjudication and post-adjudication dismissals. The Juvenile Code requires two hearings in delinquency cases: an adjudication hearing and a disposition hearing. See OCGA § 15-11-472 (d). The legislature provided three Code sections authorizing the juvenile court to dismiss: two provide for dismissal of a "petition" of juvenile delinquency and one provides for dismissal of the "proceeding." More specifically, OCGA § 15-11-566 (a) grants the juvenile court authority dismiss a delinquency "petition" following a transfer of a matter to superior court, and OCGA § 15-11-582 (d) grants the same court authority to dismiss a "petition" when the facts presented at an adjudication hearing do not establish the allegations of delinquency. In both cases, the petition is

5

dismissed without an adjudication of delinquency. Once there has been such an adjudication and if "the court finds that a child who committed a delinquent act is not in need of treatment, rehabilitation, or supervision," the juvenile court is authorized to dismiss the "proceeding." See OCGA § 15-11-600 (d). Thus, the Juvenile Code, when read in context, shows that the word "proceeding" as found in OCGA § 15-11-600 (d) is distinguished from a "petition" alleging juvenile delinquency and that the legislature chose to give the court authority to dismiss the petition in one context and the proceeding in another.

The legislature also chose to allow the State to appeal only from "an order, decision, or judgment setting aside or dismissing *any . . . petition* alleging that a child has committed a delinquent act." (Emphasis supplied.) OCGA § 5-7-1 (a). That statute does not give the State authority to appeal from the dismissal of a juvenile court proceeding following an adjudication of delinquency. See generally *State v. Outen*, 289 Ga. 579, 581 (714 SE2d 581) (2011) ("OCGA § 5-7-1 et seq. must be construed strictly against the State and liberally in favor of the interests of defendants.").

In this case, the juvenile court had already held an adjudication hearing and adjudicated A. L. delinquent prior to dismissing the case following the disposition

6

hearing. Thus, despite the wording of the juvenile court's order, at that point the court could only dismiss the "proceeding," not the petition. Indeed, the court cited OCGA § 15-11-600 (d) in both the original and final order as the authority for its dismissal. Cf. *State v. Hasson*, 334 Ga. App. 1, 3 (1) (778 SE2d 15) (2015) ("There is no magic in nomenclature, and we judge pleadings, motions and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice.") (citation and punctuation omitted).

It follows that the State did not have authority to appeal the dismissal of the proceeding. We therefore lack jurisdiction to hear the appeal. See *State v. Wilkerson*, 348 Ga. App. 190, 198 (3) (820 SE2d 60) (2018), reversed in part on other grounds, _ Ga. _ (Case No. S19G0472, decided Dec. 23, 2019).

*Appeal dismissed. Miller, P. J., and Reese, J., concur.*

7