**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 12, 2022**

# In the Court of Appeals of Georgia

A21A1774. VIENTE v. MAIDEN.

PINSON, Judge.

Several years after their divorce was final, the parents of a minor child moved for contempt against each other, each contending that the other was in violation of certain of the divorce decree's custody provisions. The trial court found that the mother was in willful contempt on one issue and later granted the Maiden's request for attorney fees under OCGA § 9-15-14 (b). The mother now appeals from the attorney fee order. We vacate the order and remand for further proceedings because the order contained neither findings of fact and conclusions of law necessary to support the statutory basis for the award nor an explanation of the amount of the award sufficient to allow for meaningful appellate review.

## Background

Hayley Erin Viente and Jeffrey Christen Maiden were divorced in 2012. The divorce decree awarded Viente primary custody of their one minor child and required Maiden to pay monthly child support and reimburse Viente for the child's uncovered medical expenses.

Several years later, Viente moved to have Maiden held in contempt of the divorce decree and its later modifications. Viente alleged that Maiden had willfully failed to reimburse her for uncovered medical expenses, taken the child to a doctor's appointment although he did not have medical decision-making authority, declined an invitation for the child to attend a birthday party without telling Viente, and denigrated Viente in the child's presence. Maiden responded with a contempt motion of his own. He asserted three grounds: (1) Viente refused to reimburse him for a double child-support payment he had made for one month; (2) Viente failed to notify him about the child's medical appointments; and (3) Viente interfered with his attempts to communicate with the child.

Maiden moved to consolidate his contempt motion with Viente's, but Viente opposed consolidation and the trial court denied the motion. The trial court heard the contempt motions at separate hearings and addressed them in separate orders.

In the order on Viente's motion, the trial court denied all of Viente's claims. In the order on Maiden's motion, issued on June 18, 2019, the trial court denied two of Maiden's three claims, but found that Viente was willfully in contempt of court orders when she failed to notify Maiden about the child's medical appointment. The court wrote:

> With respect to the contempt concerning [Viente]'s failure to notify [Maiden] of doctors' appointments, this Court finds that [Viente] is in willful contempt of the Order of this Court. On one occasion, [Viente] admitted that it was best for herself not to inform the [Maiden] of a psychiatric appointment for the minor child despite [Maiden]'s prior request to be informed of the appointment. [Viente]'s actions in informing [Maiden] of medical appointments after they had taken place and failing to inform [Maiden] she scheduled the appointment before taking the minor child to same is a violation of the Parenting Plan, and constitutes willful contempt of this Court's Order.

Maiden then moved for attorney fees under subsections (a) and (b) of OCGA § 9-15-14. Maiden requested $7,262.05 in attorney fees, comprising "a total of $6,364.05" that was incurred "during this litigation, plus an additional $898.00 . . . to prepare this brief [on the attorney fee motion]."

Days before the hearing on attorney fees, Viente moved to recuse the judge. The trial court denied that motion, and the hearing proceeded.

3

At the hearing, Maiden asserted that he was seeking attorney fees not only based on Viente's willful contempt of court orders, but also because she resisted consolidating the contempt motions and filed the motion to recuse. The total amount of fees and expenses that Maiden requested increased to $9,179.55, comprising (1) the $7,262.05 from the original attorney fee motion, (2) an additional $1,180.00 for preparing for the attorney fee hearing, and (3) $737.50 for responding to the motion to recuse.

To support those amounts, Maiden submitted billing statements dating back to April 2018, which was when his counsel began preparing the contempt motion against Viente. But the statements did not itemize the fees or identify which portions were attributable to the work on the claim in which Maiden prevailed. At the hearing, counsel stated: "[These] are very detailed, very detailed bills, as far as what we're doing, how we're billing things, and when you're preparing for a trial, I'm not going to bifurcate preparing for count 1, preparing for count 2, preparing for count 3."

The trial court awarded $8,442.05 in attorney fees to Maiden, representing everything Maiden asked for other than fees based on the motion to recuse. The court explained that Viente's willful contempt and the legal bills that Maiden submitted

4

were enough to support the award under OCGA § 9-15-14 (b). The court's order noted:

> This Court upon considering the evidence at the December 2, 2019 hearing, including redacted detailed attorney fee bills submitted by [Maiden's] counsel, and the oral argument of the parties, the Court hereby finds that the award of attorney's fees is merited by willful contempt of Respondent [Viente] as detailed in this Court's June 18, 2019 Order[,] and the bills tendered as evidence were of sufficient detail to allow for the award pursuant to OCGA § 9-15-14 (b).

Viente applied for a discretionary appeal under OCGA § 5-6-35 (a) (10), which this Court granted.[1]

**Discussion**

1. Viente contends that the trial court abused its discretion by awarding attorney fees under OCGA § 9-15-14 (b) without expressly finding that at least one of that Code section's criteria for awarding fees was present. We agree.[2]

Code Section 9-15-14 (b) allows a trial court to award attorney fees if it finds that a party has (1) brought an action that lacked substantial justification, (2) brought

---

[1] Maiden has not filed a brief in this appeal.

[2] We review an award of attorney fees under OCGA § 9-15-14 (b) for abuse of discretion. *Abt v. Abt*, 289 Ga. 166, 167 (709 SE2d 806) (2011).

an action for the purpose of delay or harassment, or (3) unnecessarily expanded the proceeding by other improper conduct. When a trial court awards fees under this statute, it must make "express findings of fact and conclusions of law as to the statutory basis" for the award. *Matthews v. Mills*, 357 Ga. App. 214, 221 (2) (850 SE2d 424) (2020) (punctuation omitted); see also *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006) ("[a]n order awarding attorney fees under OCGA § 9-15-14 must include findings of conduct that authorize the award"); *Citizens for Ethics in Gov't, LLC v. Atlanta Dev. Auth.*, 303 Ga. App. 724, 737 (5) (694 SE2d 680) (2010). That means the court must not only "specify the conduct upon which the award is made," *Matthews*, 357 Ga. App. at 221 (2), but also specifically find that the conduct lacked substantial justification, was brought for the purpose of delay or harassment, or unnecessarily expanded the proceeding. Merely finding that a litigant behaved improperly is not enough. See *Citizens for Ethics in Gov't*, 303 Ga. App. at 737–38 (5) (vacating award under § 9-15-14 (b) and remanding for explanation of statutory basis when the trial court "found that Intervenors' complaints were filed for an improper purpose and the Intervenors acted in bad faith," but did not make specific findings as to statutory criteria); *Moore v. Moore-McKinney*, 297 Ga. App. 703, 711–12 (4) (678 SE2d 152) (2009) (vacating award under OCGA § 9-15-14 (b) when

6

trial court stated at the hearing that the pro se litigant "expanded the litigation by making it more difficult than it ought to be" but failed to make written findings authorizing an award) (punctuation omitted).

Here, the award of attorney fees did not satisfy statutory requirements because the trial court did not make express findings of fact or conclusions of law about the statutory basis of the award. See *Matthews*, 357 Ga. App. at 221 (2). The trial court's attorney fee order said only that the award "[was] merited by willful contempt of Respondent [Viente] as detailed in this Court's June 18, 2019 Order." In turn, the June 18, 2019, order merely identified the conduct that was in willful contempt of the court's divorce decree: Viente deciding it was "best for herself" not to inform Maiden of the child's psychiatric appointment; Viente informing Maiden of medical appointments only after they had taken place; Viente failing to notify Maiden that she had scheduled appointments. The order did not explain how or why that conduct rose to the level of "litigation abuses" that OCGA § 9-15-14 (b) is meant to punish and deter. See *Matthews*, 357 Ga. App. at 220 (2). The trial court made no findings of fact or conclusions of law as to how Viente asserted a claim or defense that lacked substantial justification, was intended to harass or delay Maiden in the litigation, or unnecessarily expanded the proceedings. Indeed, those phrases appear nowhere in

7

either of the court's orders. Issuing an award without those necessary findings is an abuse of discretion. See *Citizens for Ethics in Gov't*, 303 Ga. App. at 737–38 (5); *Moore*, 297 Ga. App. at 711–12 (4).

2. In two related claims of error, Viente asserts that the trial court abused its discretion by awarding attorney fees to Maiden on claims and matters on which Maiden did not prevail, and by awarding fees that are not limited or directly related to Viente's sanctioned conduct. Again, we agree.

Attorney fees awarded under OCGA § 9-15-14 (b) must be limited to "those fees incurred because of the sanctionable conduct." *Matthews*, 357 Ga. App. at 222 (2) (punctuation omitted); see also *Cook v. Campbell-Cook*, 349 Ga. App. 325, 329 (2) (826 SE2d 155) (2019). In other words, "lump sum" or "unapportioned" fee awards are not allowed. *Moore v. Hullander*, 345 Ga. App. 568, 573 (2) (c) (814 SE2d 423) (2018) (punctuation omitted). And to allow appellate review to, among other things, distinguish lump sum awards from proper ones, the fee order must explain "the complex decision making process necessarily involved in reaching a particular dollar figure." Id. (punctuation omitted). So we must vacate fee awards that are unapportioned, as well as those which "fail[] to articulate why the court awarded" what it did, id. (punctuation omitted), or are otherwise "too vague or conclusory" to

allow "meaningful appellate review," *Cohen v. Rogers*, 341 Ga. App. 146, 152 (2) (b) (798 SE2d 701) (2017).

The fee order here does not satisfy these standards. Because the award covered all of Maiden's expenses in his contempt action, it was not limited to "those fees incurred because of the sanctionable conduct." *Matthews*, 357 Ga. App. at 222 (2). Maiden prevailed on only one of his three claims of contempt, and the order made clear that Viente's conduct underlying that one winning claim—her failure to notify Maiden of the child's doctor appointments—was the basis for the award. For the award to be limited to the attorney fees incurred because of the sanctionable conduct, it should have included only the fees attributable to counsel's work on the winning claim. But Maiden's counsel admitted at the hearing that his bills were not broken out like that: the $8,442.05 amount was undifferentiated and represented all of counsel's work in the action. So an award of that full amount could not have been limited, as it must be, to the fees "incurred because of the sanctionable conduct." Id. (citation and punctuation omitted).

For these reasons, we vacate the attorney fee award and remand the case. On remand, the trial court should enter a new order that includes the necessary findings of fact and conclusions of law as to the statutory basis for the award and the necessary

explanation of how the court arrived whatever amount it ultimately awards. *Moore*, 345 Ga. App. at 573 (2) (c).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Mercier, J., concur.*