# Court of Appeals
# of the State of Georgia

ATLANTA,  June 26, 2025

*The Court of Appeals hereby passes the following order:*

**A25A2014. CANDY KNEPPER, AS NEXT FRIEND OF A. B., A MINOR v. MARY ANNE BULLARD AS TRUSTEE OF THE ALLAN WILLIAM BULLARD TRUST et al.**

This appeal involves two underlying lower court cases in which Mary Anne Bullard, as trustee of the Allan William Bullard Trust and the Bullard Family Trust ("the trusts"), filed successive petitions for approval of interim accounting of A. B.'s portion of the trusts. The parties — including A. B.'s mother and next friend Candy Knepper — entered into a stipulation and consent order providing for the liquidation of A. B.'s share of the trusts' assets with that portion to be paid into a new trust with a trustee to be appointed by Knepper. On February 15, 2024, the trial court entered final orders in both underlying cases in accordance with the parties' agreement.

In October 2024, Knepper filed multiple motions to modify, amend, or set aside the stipulation and consent orders, challenging their validity and asserting that her former attorney signed the orders without her consent. The trial court denied the motions on March 26, 2025, and Knepper filed this direct appeal. We, however, lack jurisdiction.

Pleadings, motions, and orders must be construed according to their substance and function and not merely as to their nomenclature. *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997); accord *State v. Hasson*, 334 Ga. App. 1, 3 (1) (778 SE2d 15) (2015). In this case, each of Knepper's filings, however denominated, in substance sought to set aside the final orders issued in February 2024. The statutory authority for such a request lies in OCGA § 9-11-60 (d). And "the

denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8), (b). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Accordingly, Knepper's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/26/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The March 26, 2025 orders also awarded attorney fees and costs to Mary Anne Bullard. Although some attorney fee awards may be appealed directly, the underlying subject matter controls in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). Because the underlying subject matter here is Knepper's attempt to set aside a judgment, she was required to file an application for discretionary appeal.